IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

December 14, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

MARK MATLOCK d/b/a MSM,
   DEVELOPMENT, INC.,

     Plaintiff/Appellant,

v.

LENOIR CITY BOARD OF
   ZONING APPEALS,

     Defendant/Appellee.

) LOUDON COUNTY
) 03A01-9904-CV-00132
)
)
)
)
)
)
) HON. RUSSELL E. SIMMONS, JR.
) JUDGE
)
)
)
) REVERSED AND REMANDED
)

ARTHUR G. SEYMOUR, JR. and MARY ELIZABETH MADDOX, Frantz,
McConnell & Seymour, LLP, Knoxville, for Appellant

ROBERT G. HINTON and MELODY DANIEL MUSICK, Sproul & Hinton,
Lenoir City, for Appellee

O P I N I O N

Goddard, P.J.

This appeal involves a zoning dispute between Mark
Matlock, doing business as MSM Development, Inc., the
Plaintiff/Appellant, and the Lenoir City Board of Zoning Appeals,
the Defendant/Appellee. The Loudon County Circuit Court affirmed
the decision by the Board, and Mr. Matlock now appeals.

Mr. Matlock presents three issues for our consideration:

> 1. Whether the Board exceeded its jurisdiction and abused its discretion in denying a permit to the plaintiff for the use of below-ground storage tanks for propane gas distribution in a C-3 zone where the language of the zoning ordinance clearly allows such a use.
>
> 2. Whether the Board acted illegally, arbitrarily, and capriciously in denying a permit to the plaintiff for the use of below-ground storage tanks for propane gas distribution in a C-3 zone where the language of the zoning ordinance clearly allows such a use.
>
> 3. Whether the Board acted illegally, arbitrarily, and capriciously in denying a permit to the plaintiff for the use of above-ground storage tanks for propane gas distribution in a C-3 zone where the ordinance is not being actively enforced as against other property owners in that zone.

Mr. Matlock owns four acres of land on Simpson Road in Lenoir City having purchased the property on April 20, 1998. He would like to build a propane gas distribution center on the property, which is zoned C-3 "Highway Commercial District" pursuant to the Lenoir City Zoning Ordinance.

On May 4, 1998, Mr. Matlock submitted to the Loudon County Office of Planning a site plan, which did not indicate locations for the propane gas tanks. Pat Phillips with the Loudon County Office of Planning requested changes to the site

2

plan to indicate tank locations.  Mr. Matlock made the requested changes and resubmitted the plan.

At its June 2, 1998 meeting, the Board decided that above-ground tanks were not permitted in a C-3 zone and denied Mr. Matlock's request for them on his property.

At its July 7, 1998, the Board considered Mr. Matlock's proposal for below-ground tanks, but decided that a bulk distribution center for propane gas is not permitted in a C-3 zone.  On August 18, 1998, Mr. Matlock filed a Petition for a Writ of Certiorari in the Loudon County Circuit Court.

On March 22, 1999, the Loudon County Circuit Court dismissed Mr. Matlock's Petition for Writ of Certiorari, and Mr. Matlock filed this appeal.

Mr. Matlock argues that the Board acted illegally, arbitrarily, and capriciously in denying his permit for the use of below-ground storage tanks.  The Lenoir City Zoning Ordinance provides for the following permitted uses and structures in a C-3 zone:

3

a. Any use permitted in the C-2, Central Business District.
b. Motels and tourist courts.
c. Service repair establishments, including service stations, automobile sales, and repair garages.
d. Tire recapping or retreading.
e. Veterinary establishments provided that all animals shall be kept inside soundproof, air-conditioned buildings.
f. Wholesale and distributing center not involving over five thousand (5,000) square feet for storage of wares.
g. Shopping centers, including the location of more than one building on a lot provided such buildings share a common fire resistant wall.

Mr. Matlock insists that his proposed use for the Simpson Road site is permitted under section "f" above. He argues that his propane gas business would consist of a wholesale and distribution center less than 5,000 square feet for propane gas, which is a "ware."

The Board, however, argues that a propane gas distribution center is not a permitted use in a C-3 zone. Because there was no definition of "wares" in the ordinance, the Board had to interpret the definition to determine whether the proposed use was permissible in a C-3 zone, and it concluded that a propane gas distribution center was permissible in an industrial zone, not a C-3 zone. Mr. Phillips also noted that tanks are usually measured in volume, not square footage.

Tennessee Code Annotated § 27-8-101 provides for a writ of certiorari:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there no other plain, speedy, or adequate remedy.

Review of a writ of certiorari is limited to whether "the inferior board or tribunal (1) has exceeded its jurisdiction, or (2) has acted illegally, arbitrarily, or fraudulently." McCallen v. City of Memphis, 786 S.W.2d 633, 638 (Tenn. 1990) (citations omitted).

Rules applicable to the construction of statutes and other ordinances also apply to zoning ordinances. City of Knoxville v. Brown, 195 Tenn. 501, 507, 260 S.W.2d 264, 267 (1953). Zoning ordinances should be strictly construed. City of Knoxville, 195 Tenn. at 507, 260 S.W.2d at 267. Therefore, a zoning ordinance is construed as a whole, with words given their natural and ordinary meaning. Tennessee Manufactured Housing Association v. Metropolitan Government of Nashville, 798 S.W.2d 254, 257 (Tenn. Ct. App. 1990).

Courts "must also construe zoning ordinances with some deference toward a property owner's right to the free use of his

or her property." <u>Lions Head Homeowners' Association v. Metropolitan Board of Zoning Appeals</u>, 968 S.W.2d 296, 301 (Tenn. Ct. App. 1997)(citations omitted). Courts should resolve ambiguities in a zoning ordinance in favor of a property owner's unrestricted use of the property. <u>Lions Head Homeowners' Association</u>, 968 S.W.2d at 301.

Webster's Third New International Dictionary defines "ware" as "goods, commodities, manufactures, or produce of a specific class or kind . . . an intangible item (as a service or a literary product) that is a marketable commodity."

If we strictly construe the pertinent zoning ordinance, Mr. Matlock's proposed use for the site would consist of a distribution center less than 5,000 square feet for storage of the propane gas, which is a commodity. Consequently, we conclude that Mr. Matlock's proposed use for the Simpson Road site is permitted under the C-3 zoning ordinance.

Based on the foregoing, we conclude that the Board acted arbitrarily and capriciously in denying a permit to Mr. Matlock for the use of below-ground storage tanks for his propane gas distribution center.

6

Having found that the Board acted arbitrarily and capriciously, we need not address the remaining issues on appeal. This case is remanded to the Trial Court for further proceedings consistent with this opinion and collection of costs below. Costs of appeal are adjudged against the Board.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
D. Michael Swiney, J.